UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MELINDA BRUNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. |
| | ) | |
| SIGNATURE HEALTHCARE, LLC | ) | |
| d/b/a SIGNATURE HEALTHCARE OF | ) | |
| FORT WAYNE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, by counsel, by alleges against the Defendant as follows:

1. The Plaintiff is Melinda Bruner, a former employee of the Defendant, who worked in Fort Wayne, Indiana (Allen County) at all material times to this Complaint.

2. The Defendant is Signature Healthcare, LLC d/b/a Signature Healthcare of Fort Wayne, a company doing business at 6006 Brandy Chase Cove, Fort Wayne, Indiana 46815, with its corporate office located at 12201 Bluegrass Parkway, Louisville, Kentucky 40299.  At all material times to this Complaint the Defendant was an "employer" for the purposes of the Americans With Disabilities Act of 1990, 42 U.S.C. § 1211 et seq. ("ADA") and the Indiana Worker's Compensation Act.

3. The Plaintiff filed a Charge of Discrimination with the EEOC on December 20, 2013, a copy of which is attached hereto, incorporated herein, and made a part hereof as Ex. "A" (EEOC # 470-2014-00646).  The Plaintiff filed an Amended Charged of Discrimination with the EEOC on February 11, 2014, a copy of which

is attached hereto, incorporated herein, and made a part hereof as Ex. "B". The EEOC issued its Dismissal and Notice of Rights/Notice of Suit Rights on May 19, 2014, a copy of which is attached hereto, incorporated herein, and made a part hereof as Ex. "C". All administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. The Plaintiff worked for the Defendant from on or about February 2, 2013 through January 21, 2014, when Plaintiff was unlawfully terminated by the Defendant.

5. On or about September 13, 2013, Plaintiff was transporting a resident of the Defendant's to a doctor's appointment at a local hospital. Before Plaintiff could assist the resident out of the vehicle, the van she was driving was rammed twice by another vehicle.

6. Plaintiff sustained several injuries from the work related accident, which created a serious health condition constituting a disability/perceived disability/record of impairment, specifically multiple body strain with sacriolitis, limb pain and low back pain.

7. Plaintiff's work related injury/disability/perceived disability interfered with Plaintiff's major life activities including her ability to walk/sit/stand for extended periods of time, lifting over 10 pounds, squatting, kneeling, bending, reaching, twisting, forceful use of hands/arms, firm grasping and pushing with both hands/arms, overhead work with both arms and hands and prolonged gazing upward or downward.

8. Plaintiff's restrictions from the work injury/disability/perceived disability did not significantly interfere with her job duties.  Plaintiff only required reasonable accommodations, such as of not lifting in excess of 10 pounds.  Accommodations for the work restrictions furthermore should have been made pursuant to Plaintiff's rights under the Indiana Workers Compensation Act and/or the ADA.

9. Defendant failed to engage in the interactive process with the Plaintiff relating to her work injury/ disability, and denied her reasonable accommodations.

10. Following Plaintiff's suffering of the work related injury/ disability/perceived disability/ record of impairment, the Defendant immediately began discriminating and retaliating against Plaintiff, in the following manner:

    a. Defendant refused to assist Plaintiff in getting treatment immediately after the work injury occurred, falsely insisting after the fact that Plaintiff had not informed them she was injured.  Yet Plaintiff had notified several staff members of her pain, and the accident was of such magnitude that the Defendant and any reasonable person would recognized Plaintiff's need for prompt medical attention.

    b. Defendant harassed Plaintiff by insisting she submit to 2 separate drug screens and suspended Plaintiff for 2 weeks from her position immediately after the accident, in-spite of Plaintiff volunteering proof of her prescription medications.  Plaintiff was only reinstated to her position after involving

an attorney to contact the Defendant on her behalf.

c. Upon Plaintiff's return to work, Defendant further harassed and began retaliating against her with bogus write-ups and 'coaching' sessions, including a write-up on October 30, 2013 for alleged incidents dating back to August 2013.

d. Initially, Defendant refused to allow Plaintiff to take time off of work to attend doctor's appointments for her work-related injury. After permitting Plaintiff to go to the doctor, Defendant disciplined her for various things related to her doctor's appointments including: allegedly not calling at the appropriate time or allegedly not speaking to the correct person.

e. Defendant attempted to require Plaintiff to work outside of her restrictions and went so far as to argue with Plaintiff's healthcare providers about Plaintiff's physical limitations.

f. Defendant unjustly suspended the Plaintiff, then upon the Plaintiff's return the Defendant significantly reduced her work hours.

g. Defendant told Plaintiff's co-workers they were not to speak with Plaintiff.

h. Defendant told Plaintiff she was not permitted to leave her various work stations under any conditions, not even to pick up her lunch.

i. Defendant overly-scrutinized Plaintiff's every move. In addition, the Defendant monitored Plaintiff to the point Plaintiff complained of being 'watched'. When Plaintiff complained of being stared at and followed by supervisors, she was told that they could do whatever they wanted.

j.  Similarly situated employees that lacked work related injuries and/or whom lacked disabilities/perceived disabilities/records of impairment, were treated more favorably than the Plaintiff, as they were not harassed, over-scrutinized, or subjected to false disciplinary actions.  Similarly situated employees also were provided new work uniforms while Plaintiff was not, and unlike the Plaintiff, were not told by the Defendant that they were not permitted to leave their work stations for any reason, and did not have their work hours substantially cut.

11. Plaintiff filed her original Charge of Discrimination on or about December 20, 2013. Only a month later, on January 21, 2014, Plaintiff was called into the office of her supervisor and informed she was terminated for allegedly leaving the building with her sister (whom was also an employee of the Defendant).  Not only was the termination suspiciously timed in relation to the filing of the Charge of Discrimination, but Plaintiff's sister had not even worked on the day in question, and therefore would not have been present to leave the building (with or without the Plaintiff accompanying her).

12. At all material times to this Complaint, the Plaintiff suffered from a serious health condition for which she was entitled to reasonable accommodations under the ADA.  The condition furthermore constituted a disability/perceived disability/record of impairment under the ADA.

13. Defendant's proffered reason for terminating Plaintiff was false and pretextual, and in reality the Defendant discriminated against, retaliated against, and terminated the

5

      Plaintiff for suffering from a disability/perceived disability/record of impairment, in violation of the Plaintiff's federally protected rights under the ADA and for asserting her rights to under the laws and public policies of the state of Indiana.

14. The Defendant's unlawful, discriminatory, and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA and the laws and public policies of the State of Indiana.  Imposition of punitive damages is appropriate.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Ilene M. Smith
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:   cmyers@myers-law.com
   ismith@myers-law.com
Attorneys for Plaintiff

rjg
S:\Bruner Melinda\Pleadings\Complaint.docx